UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM FARRINGTON,<br><br>                              Plaintiff,<br><br>- against -<br><br><br>NORTHERN & SHELL NORTH AMERICA LIMITED<br><br>                              Defendant. | Docket No. 1:17-cv-9513<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiff William Farrington ("Farrington" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Northern & Shell North America Limited ("Northern" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.　This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of emergency responders as they help a man cut in half by the L train, owned and registered by Farrington, a New York City based photographer. Accordingly, Farrington seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.　This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Farrington is a professional photojournalist in the business of licensing his photographs to online and print media for a fee having a usual place of business at 160 Parkside Avenue, Apt 6A, Brooklyn, New York 11226.

6. Upon information and belief, Northern is a daily tabloid with a place of business at 1155 Avenue of the Americas, 4th Floor, New York, New York 10036. Upon information and belief, Northern is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Northern has owned and operated a website at the URL: www.DailyStar.Co.UK (the "Website").

## STATEMENT OF FACTS

**A. Background and Plaintiff's Ownership of the Photograph**

7. Farrington photographed emergency responders as they help a man cut in half by the L train (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Farrington then licensed the Photograph to the New York Post. On February 24, 2016, the New York Post ran an article that featured the Photograph entitled *Man cut in half by L Train*. Farrington's name was featured in a gutter crediting identifying him as the photographer of the Photograph which is considered copyright management information. A true and correct copy of the article is attached hereto as Exhibit B.

9. Farrington is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph were registered with United States Copyright Office and were given Copyright Registration Number VA 2-023-545.

### B. Defendant's Infringing Activities

11. Northern ran an article on the Website entitled *Rail horror tragedy: Man 'cut in half' after stumbling on train tracks*. See https://www.dailystar.co.uk/news/latest-news/496920/Manhattan-New-York-East-Village-man-cut-in-half-L-train-subway-tracks. The article prominently featured the Photograph. A true and correct copy of the article is attached hereto as Exhibit C.

12. Northern did not license the Photograph from Plaintiff for its article, nor did Northern have Plaintiff's permission or consent to publish the Photograph on its Website.

### FIRST CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT AGAINST NORTHERN)
### (17 U.S.C. §§ 106, 501)

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

14. Northern infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Northern is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by Northern have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

19. Plaintiff further is entitled to her attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST NORTHERN
## (17 U.S.C. § 1202)

20. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

21. When the Photograph was published in an article in The New York Post, the article contained a gutter credit stating "William Farrington" which is considered copyright management information under 17 U.S.C. § 1202(b).

22. Upon information and belief, in its article on the Website, Northern copied the Photograph from the New York Post article and pasted it on the Website and intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

23. The conduct of Northern violates 17 U.S.C. § 1202(b).

24. Upon information and belief, Northern's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

25. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Northern intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Northern also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

26. As a result of the wrongful conduct of Northern as alleged herein, Plaintiff is entitled to recover from Northern the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Northern because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

27. Alternatively, Plaintiff may elect to recover from Northern statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Northern be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Claire be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That, with regard to the First Claim for Relief, Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded her costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
December 5, 2017

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305

Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff William Farrington*